Case No. 15-5186 Bank of New York Mellon as successor in interest to J.P. Morgan Chase Bank National Association As successor in interest to Bank One National Association As trustee for A Securities Corp. Home Equity Loan Trust Series 2003-HS1 Asset Pass-Through Certificates Formally known as Bank of New York Trust Company in A Formally known as J.P. Morgan Chase Bank v. Perry M. Henderson Formerly known as Perry and Bryant Appellant, United States of America Mr. Enzina for the amicus curiae, Mr. Reza for the appellate Good morning, Your Honors, and may it please the Court Good morning I'm Paul Enzina, appointed as amicus to present argument in support of the appellant's position This is a foreclosure action The appellant, Mr. Henderson, is the borrower And there is no dispute that Mr. Henderson defaulted on the loan The District Court granted summary judgment However, the District Court granted summary judgment on the ground that the defendant, Mr. Henderson, lacked standing And standing is inapposite here The standing doctrine enforces Article III's Cases and Controversies limitation on the courts In order to preclude the courts from providing advisory opinions Thus, the standing doctrine requires that the party invoking the court's authority have an injury that can be redressed by the court's ruling As the District Court noted, this is the basis for some of the courts that have held that a borrower lacks standing to challenge the assignment of a mortgage note Because his rights and obligations, that is, the rights and obligations of the borrower, would not be changed by a ruling of the District Court And that opinion would be purely advisory Here in the Article III, judicial power was invoked by the Bank of New York and not by the appellant I'm just curious, I could look this up, but did the bank invoke standing in the District Court? Did the bank invoke standing? I just don't remember No, the bank did not raise the appellant's standing The District Court raised it on its own? Yes Okay, great, thanks There are state cases that do talk in terms of standing, right? I'm sorry? There are comparable state cases that talk in terms of standing I think that's correct, Your Honor, but I think those are cases in which the borrower is challenging the assignment Affirmatively Where the borrower is seeking to invoke the court's power Here, it's not the borrower that's seeking to invoke the court's power And the bank has alleged everything it needs to allege to show standing It has alleged that it was injured by the appellant's default, and it has alleged that Well, the bank's standing was in question Correct, correct So, in effect, the District Court sort of got it backwards here The issue was not whether Mr. Henderson was entitled to attack the assignment The question for decision here was whether the bank was entitled to enforce the note So if we agree, if we think you're right, from our point of view, that's the end of it We just send it back, right? Yes, correct, Kay All right The District Court held that the borrower's default is sufficient And that the borrower cannot attack the assignment Accepting that rule would mean that anyone could raise the borrower's default, even a stranger, to the note But unless the person raising that claim of default is the actual holder of the note Any opinion by the court would be an advisory opinion What do we know here about the bank's holding of the note and the deed of trust? Your Honor, I'm sorry, I'm having a great deal of difficulty hearing you I'm not sure we fully know whether the bank has both the note, the assignee of both the note and the deed of trust I'm sorry, Your Honor, the white noise is still on I don't think your mic's working It's working Is it? Yeah Because I can hardly hear you Well, it's the blower I'm afraid I'm getting old, Your Honor Join the club There's a document that traces the note, I guess it is, and through the assignments But I couldn't find anything with regard to the deed of trust Did they travel together, or what happened to that? Your Honor, to be perfectly honest, I'm not sure I know the answer to that question The issue here, though, is that when the bank moved for summary judgment The bank was required to show two things One, that the borrower had defaulted And two, that the bank was entitled to relief on that basis And there was no dispute that the borrower defaulted But in order to show its entitlement to relief The bank simply relied on its allegations in the complaint It simply alleged that it was the holder of the note in due course And I want to read something that's in the bank's brief The bank says the burden was on Henderson to provide a question of fact sufficient to defeat summary judgment And the district court correctly found that he had not met that burden That's on page 12 of the bank's brief Now that, in a nutshell, is exactly what should have happened here But that is not what happened here The court did not put the burden on Henderson to prove that the bank did not possess the note What the court did was the court said the defendant lacks standing to challenge that And did not consider the appellant's evidence in that regard Now it may well be that the bank could have survived a motion for summary judgment By putting forward facts For example, an affidavit that said that the note was assigned And attaching perhaps the document showing the assignment They cite part of the note in their brief And if that had been presented to the court on summary judgment That would have shifted the burden to the borrower To allege specific facts raising a genuine issue of material fact But that is not at all what the district court did here I'd like to move on and address the court's ruling on the motion to dismiss Specifically the motion to dismiss Mr. Henderson's counterclaim for injunctive and declaratory relief Alleging that the bank failed to provide the notice required by the National Housing Act The district court found that the bank had met that obligation This was improper on a motion to dismiss A motion to dismiss does not permit the court to make a factual determination The court is required to accept the claimant's allegations of fact as true And determine whether the claim is legally sufficient Now, the bank argues that the court could consider the document that it did What the court said was that the bank met that obligation By virtue of a letter that was attached to the bank's complaint And the bank argues that, well, a court is entitled on a motion to dismiss To consider documents attached to the complaint And that is true But what that means is that the court is entitled to consider documents attached to the claim at issue The document at issue here was not a document attached to the claim at issue It was attached to the bank's claim And not to the appellant's counterclaim The point is that the court is required to take the non-movement's factual allegations as true Why can't we on appeal convert that to summary judgment? Well, that's not what the district court did We can do it on appeal Well, one of the difficulties with that is that There's nothing to suggest he was going to come forth with anything to overcome it And there is case law in the circuit that says we can convert it on appeal Well, that is something that we don't know Whether or not the borrower could have or would have come forward with something to dispute that We don't know that at this point Well, there's absolutely nothing to suggest he could have come forth with anything, right? That is correct as far as I know, but Yeah, I mean if you're contending it's an inappropriate motion to dismiss And there's some things that you have to say Normally you indicate what they are So the only thing that's there is adverse to his position Clearly adverse to his position That is correct And in fact the district court could have converted this to a summary judgment Right, and we can as well But when the district court does that The district court is required to give No, but that's not my point I know the district court didn't We can as well I think you're not taking yes for an answer Yeah We can Well, then I guess I will take that and reserve my time Well, what's the argument against us doing that? Against you doing it? Yeah The argument is simply that the borrower has not had the opportunity That he should have had under Rule 12 To show what? Well, under Rule 56 To show what? That's the point I mean, if you said, but wait, here's what he might show And indeed we tried to say that And we said it in our briefs And there's nothing to indicate that he has anything to show Well, suppose for example the plaintiff Or the borrower in this case Came forward with an affidavit saying that I did not receive that letter So where's the affidavit? Well, he didn't put it in an affidavit He could have put it in on appeal He could have put it in there He could have put it in on appeal My whole point is, at least as I'm remembering the cases You're not suggesting there's anything more to be found Other than what the district court looked at That was attached to the bank's complaint I understand that They're not normally supposed to do it But if there's nothing else there We can convert that to a summary judgment But the difficulty here is that the borrower Has never had the opportunity to address this As a motion for summary judgment Well, you know, the only way to look at this It isn't clear what the borrower The borrower, I don't want to characterize it But there are lots of assertions Citing, you know, all kinds of statutes and regulations But nothing to suggest that there's anything to it Well, and the notice was given But the difficulty is that in this case By considering the bank's evidence The district court gave the bank The benefit of what Rule 56 would give them On a summary judgment But the appellate, Mr. Henderson Did not have that same opportunity So the district court should have avoided the problem By saying, I'm converting this to summary judgment Yes You've got to add anything Provided notice And you just don't want to deal with my assertion That we can do that too But in any event, I hear you Okay Thank you, Your Honor All right May it please the Court Good morning My name is Mohsin Reza And I will be presenting argument In support of the appellate this morning The district court correctly ruled On both the motion for summary judgment And the motion dismissed In support of the motion for summary judgment Bank of New York Are you defending the district court's Standing decision? Yes, Your Honor I believe the district court You are? You are? What? What is it? Yeah Where is that coming from? Could you repeat? I'm sorry I said, are you defending the district court's Standing This determination that He likes standing Article 3 standing Well And if so What is the possible basis for defending that? Your Honor, I think there's Two different types of standing That are at issue in this case There's the constitutional article 3 Standing There's another type of standing The prudential standing No, no, no We're talking about article 3 standing The district court ruled on article 3 standing He said he didn't have standing in this case He's a debtor Asserting defenses against a purported credit Why? I can't imagine why he doesn't have standing Well, Your Honor What is it? So We're With regard to standing We're talking about specific documents Not the fact that Mr. Henderson Could not bring these claims Or bring these defenses The standing issue involved Whether or not he as a borrower As a non-party to the assignment Of the deed of trust The Exhibit D to the complaint Whether or not Mr. Henderson had the right The standing, quote unquote However you want to use that phrase Whether it's constitutional or prudential standing To challenge that document We believe, and the district court agreed That Mr. Henderson did not have The standing to challenge an assignment Essentially a contract to which he was not a party That's where we believe the district court Focused its standing argument I think there's a little confusion About whether or not it's a It's a constitutional article 3 standing argument That was being made Or whether it's a standing argument Characterized as a prudential type of standing argument Whether you can assert the rights Of somebody else in a case This is not a situation Where any of the parties to the assignment Actually contested that the assignment Did not occur Or that any of the parties to the assignment Contested that there was something Otherwise improper with the assignment In fact, the assignment was with MERS Which is not a party that was brought in By the defendant even in this counterclaim So it was It's a different type of standing argument Your Honor, than I think is what has been Explained or characterized on appeal I think the district court correctly got The issue of standing Mr. Henderson did not have The standing or the authority To challenge that document He wasn't a party He wasn't an intended beneficiary And therefore he could not Ask the court to eradicate To invalidate that document Moreover, Your Honor Even if he did have standing To challenge that assignment That wouldn't prevent the court from finding That the Bank of New York Had the authority to proceed with foreclosure District of Columbia law Doesn't require a recorder assignment To go forward with a foreclosure What we pled Or what Bank of New York Mellon pled What the court recognized That there were a couple of things That occurred here The borrower took out a loan The borrower defaulted on the loan We know that's not contested What he contests is whether or not Bank of New York had shown That it has the right The power, the authority Under the loan documents To ask the court to allow it To go forward with foreclosure We believe that the record showed that We attached Actually, I should say The court made no findings on that Correct Well, Your Honor, I think it did say That it could move forward With the foreclosure It found that the borrower was in default There's no dispute about that It also found that Bank of New York's assertion That it was a holder And could enforce the note And the deed of trust was also correct Again, this complaint was filed In Superior Court And it was verified under oath And that allegation was reinforced That sworn allegation was reinforced In the motion for summary judgment Bank of New York said We are the holder We are the beneficiary Of the deed of trust Therefore, under District of Columbia law When the borrower is default We have the authority To ask the court, in this case To do judicial foreclosure Or allow us to go forward With the judicial foreclosure What, in your view Did the district court fail To decide on the merits By virtue of its ruling on standing? What did it Fail to decide By virtue of saying There's no standing Whatever kind of standing The district court was enforcing What did the district court Then fail to decide? I don't think it failed To decide anything, Your Honor I think Your Honors Have correctly pointed out There's nothing in the record That suggests that this That the Bank of New York, Mellon Had no standing Or no authority To ask the court to foreclose What it presented was, again The note Which had a special endorsement To the trust Wait, I'm not understanding If you feel so strongly About this standing point If you prevailed on that Then there would be some things That would not be properly Before the court, right? Well, there's There's our point To understand is There is this standing cloud In this case Correct The district court said There was no standing What did the district court Then decline to do Because it found There was no stand That Henderson had no standing Right, so we Your Honor, the Bank of New York Filed its claim And the court concluded That we had the standing The authority To move forward on our claim We also defended Mr. Henderson's counterclaim Which is essentially The counterargument Saying that Bank of New York Did not have the authority To move forward with foreclosure Part of his argument Was that there was an assignment In the land records Between MERS And the Bank of New York Which was not proper Or otherwise effective Setting aside Whether or not that's an argument If there's any merit To that argument The district court found That he didn't have standing To challenge that assignment Because he was not a party That assignment Did not change his rights So the district court Declined to decide Any issues on the counterclaims What happened, Your Honor Is that what you're saying? The district court Did not have to decide And indeed did not decide Is that what you're saying? Yeah, I think it did decide On the counterclaims That's what I'm confused about It did decide We filed a motion To dismiss earlier in the case It was not ruled on By the time the dispositive motions Came up We reaffirmed our motion to dismiss And then filed a summary judgment On those as well Adding additional arguments So what the court found Was that Mr. Henderson Did not allege sufficiently In response to the motion To dismiss the counterclaims Any facts that were Recognizable under the law Because of lack of standing? Not necessarily, Your Honor See, if there's no standing Why does that matter? Why wouldn't the court's Disposition on standing end it? Well, Your Honor There's different claims Again, on appeal They're focusing on The declaratory judgment And injunctive relief claim And part of our issue Unfortunately, Your Honor Is that there's two There's two appellant briefs There's one by The amicus and Mr. Henderson Mr. Henderson says He's got a right To bring all of the claims Now those claims Included FDCPA claims They included Acquired title claims FCRA claims This The appeal that was filed here Focuses on the declaratory judgment Injunctive relief claim Now that's the flip side Of our argument, right? Saying that The Bank of New York Had the authority The standing To bring its claims Now Bank of New York Was a holder Of the note And is a party That was allowed To enforce the note By virtue of Being the holder Goes to your question Your Honor The security Follows the note There's multiple ways That a party Can hold the note It can be a holder By virtue of having Barrier paper A blank endorsement Or it can be A holder by virtue Of having special endorsement Which is the case here So there That was Wait a minute So special endorsement Meaning what? Meaning that the note Was endorsed specifically To an entity Or a person That's what we have here We And that's Actually That raises Something I wanted To ask you about There are Two versions Of the Along to the note Right One is at Page Forty six Of the joint appendix And it says Pay to the order of Without recourse Bank of New York It's not Bank of New York No that's earlier I guess The At page two oh two Of the Of the Other appendix here Henderson's appendix There is The same document Pay to the order of Without recourse Nothing Blank So how did These two How did these two Relate to each other How Why are they different So Originally It looks like The note was endorsed In blank It happens all the time In mortgage practice The note is endorsed In blank It's easier that way To transfer the note You don't have to Have special endorsements In the lodges You just have to Physical possession We have physical possession Correct your honor You do have now We have We've had it Okay Yes Right so This is blank And So it's essentially Barrier paper At that point At that point It's barrier paper Correct The complaint Of course includes The note The same note Which was specially Later specially endorsed Right And that's endorsed To the trust The two thousand Two thousand three HS1 trust So we believe That there is no There's no Fault in the Court's opinion About standing The standing issue Really relates to Whether or not He had Mr. Henderson Had the authority To challenge The assignment Of the deed of trust And we believe That the court Got that correct Under District of Columbia Law Furthermore your honor With regard to any Of the counterclaims I should say That they weren't Pledged With any Any sort of Specificity They don't The National Bank Act Claims even It's not pledged In any way That suggests That there could Be a private right Of action That could be Pledged   Act And we believe That Mr. Henderson Didn't challenge Really the Substance of the Arguments on the Motion to dismiss All he again Reasserted was The same consistent Argument which was That the Bank of New York Didn't have the Authority to Foreclose Which the Court found Based on the Record That it did There's another Document In the Appendix Sorry I can't Say where Right now That shows A series of Endorsements A reflexive Series I think starting With MERS And ending With With you Is that correct Now here it is 69 In The joint Appendix What would be The title of that Document That is Assignment of Deed of Trust District of Columbia That's correct Okay So Earlier we were Looking at two Versions of the Note First as Bearer paper And then after An endorsement And now we've Got the deed of Trust Starting out With MERS As a nominee For South Star Funding Which is the Original lender Is that right That's correct And ending With Bank of New York Mellon As successor To JP Morgan As successor To bank One And then The securitization So do These documents Travel together Or not How does this Work Your honor The Security And the deed Of trust Follows the Note So if the Note holder Has the Instrument Bearer paper Or specially endorsed The security Of that deed Of trust Follows The There's a Difference between The note And the deed Of trust In terms of Assignment The note On its face Shows that there Was a special Endorsement That the Note was Transferred to The trust That document Is filed As a document Showing the Assignment of MERS Which is the Nominee And the Beneficiary Of the Deed of Trust And that's What I did Here Okay now Where is the Parallel assignment Of the Note To Bank of New York That's on the Face of the Note your Honor That's the That's the Endorsement To the Trust Right Right The 2003 Bank Bank 1 That's This is The bank 1 The Bank 1 Well your Honor It's to The trust The Bank As trustee Right Right You can tell From the Long Okay for The 2003 HSI That's Correct your Honor I think I understand This But once I Don't have You in front Of me I may Not It can be complicated By virtue of the fact That there's a Especially long Name for this Plaintiff in this Case but essentially There's a special Endorsement To the Trust Court relied on That special Endorsement There are facts Under oath in the Complaint saying That we are Bank of New York For the trust Is the Holder of the Note and Thereby under District of Columbia law It's allowed To enforce The deed of Trust and that's What it did when it Walked into court and Filed a judicial Foreclosure action The court granted Count one on Summary judgment There's nothing in The record your Honor as your Honor has Asked what was in The record to contest That there is nothing This case you said Was filed in Superior court That's Correct Which sounds Like a very Sensible place For it to be Resolved and It was transferred Because the IRS Was involved That IRS Was a Lean holder It took Its initiative And removed the Case to federal Court And when it Dropped It dropped Out of the Case Well it Didn't really Take any action Other than Participate in What it was Supposed to Participate in The conferences And things Like that Is it a Party as of Now I'm sorry Is it a Party Well it Remains A party But whether Or not it Takes any Further involvement In the case I can't Determine Is the Party to The Appeal Is it It's not As far as I can tell It's not Taken any Position Nor has It Contested Their Right To Appeal It's Not As far As  It's not As far As It's Contested Their  To  Is it It's not As far As I can tell It's not As far As It's not As far As It's not As far As It's not As far As It's not As far As It's   As A  Far As It's Not As Far As It's Not As far As Far As It's Not Yes It's Not As Far As It's Not As Far As It's Not As Far As It's Not Far As Far As It's Not As Far As It's As Far As It's Not As Far  It's Not As Far As It's Not As Far As It's Not As Far As As Far As It's Not As Far As It's For A Reason For A   A Reason For A Reason For A Reason For A     For A Reason For A Reason For A Reason For
judges: Tatel, Edwards, Ginsburg